**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 22-215** |
| **BRISON SHELTON** | **SECTION "H"** |

**ORDER AND REASONS**

Before the Court is Defendant Brison Shelton's Motion for Early Termination of Supervised Release (Doc. 614).

On May 29, 2024, this Court sentenced Defendant Brison Shelton to a term of imprisonment of twelve months and a day and a term of supervised release of three years for drug trafficking crimes. Defendant's term of supervised release began on February 28, 2025. On July 14, 2026, Defendant filed the instant *pro se* Motion for Early Termination of Supervised Release. In his Motion, Defendant asks this Court to release him from further supervision. Defendant contends that he has been in full compliance with the terms of his supervision and has maintained full-time employment. The Government has opposed his request.

Pursuant to 18 U.S.C. § 3583(e), a district court may terminate supervised release at any time after the expiration of one year if, after

considering the factors set forth in § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." "The factors to be analyzed generally concern the nature of the offense, the defendant's history, public safety, and the deterrent effect."[1] The district court has broad discretion in considering requests for early termination of supervised release.[2] Courts have held that early termination "is warranted only in cases where the defendant shows changed circumstances, such as exceptionally good behavior."[3]

Here, Defendant has fails to identify any "changed circumstances" warranting early termination of his supervised release. "Compliance with the terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and required."[4] Although the Court finds Defendant's compliance laudable, he has not identified any exceptional circumstance warranting early termination of supervision. The Court finds that continued supervision appropriately reflects the seriousness of his offense and satisfies the goals of public safety and deterrence.

Accordingly;

**IT IS ORDERED** that early termination of supervision is not warranted, and Defendant's Motion is **DENIED**.

[1] United States v. Hayes, No. 01-311, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013).

[2] United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998).

[3] United States v. Jones, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013).

[4] United States v. Pitman, No. 9:18-CR-16, 2022 WL 2328868, at *2 (E.D. Tex. June 28, 2022).

New Orleans, Louisiana this 18th day of August, 2026.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**